UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LONI NICOLE GRANGER and CASEY MICHAEL GRANGER,<br><br>Plaintiffs,<br><br>v.<br><br>LAUREN KING, JACOB DANESI, UNKNOWN FBI AGENTS IN TEXAS CITY, et al.,<br><br>Defendants. | CASE NO. 2:25-cv-00811-JNW<br><br>**ORDER OF DISMISSAL WITH PREJUDICE** |

Before the Court is the second *pro se* complaint and application to proceed *in forma pauperis* brought by Plaintiffs Loni Nicole Granger and Casey Michael Granger. Federal courts must review and dismiss a case if it determines the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B).

The Court finds the present complaint is subject to dismissal because it is duplicative of the complaint filed in *Granger v. Federal Bureau of Investigations, et al.*, Case No. 2:24-cv-01946-LK (W.D. Wash. Nov. 15, 2024) and names an individual who is immune from suit. In Plaintiffs' 2024 complaint and amended

ORDER OF DISMISSAL WITH PREJUDICE - 1

complaint they alleged Jacob Danesi, Sheriff of Galveston, Texas, the FBI in Texas, and other actors all violated Plaintiffs' rights through on-going surveillance, gang stalking, harassment, psychological warfare, electronic tampering and tracking, forging contracts, causing homelessness, improperly dismissing prior civil rights lawsuits, and neglect and obstruction by law enforcement. *Granger v. Federal Bureau of Investigations, et al.*, Case No. 2:24-cv-01946-LK, Dkt. No. 5 (W.D. Wash. Nov. 15, 2024). The Honorable Lauren King dismissed this complaint on April 29, 2025, and Plaintiffs have filed a notice of appeal in Court of Appeals for the Ninth Circuit. *Id.* at Dkt. Nos. 22, 23.

Similarly, Plaintiffs' present complaint alleges Jacob Danesi, John Doe FBI agents in Texas City, and unknown Department of Justice, Federal Clerks and Officers all obstructed and colluded to commit constitutional sabotage by making threats, engaging in surveillance, arresting Plaintiffs as retaliation, and subjecting Plaintiffs to digital intrusion. Dkt. No. 1-3. Plaintiffs also sue the Honorable Lauren King because she entered judgment against them in Case No. 2:24-cv-01946-LK, which Plaintiffs claim is an "act of judicial sabotage." *Id.* at 3.

Courts uniformly agree a malicious lawsuit is one that is duplicative of another federal lawsuit involving the same plaintiff and defendant. *See, e.g., McWilliams v. Colorado*, 121 F.3d 573 (10th Cir. 1997) (affirming dismissal of § 1983 complaint as frivolous where it duplicated a prior federal lawsuit and named an immune defendant); *Pittman v. Moore*, 980 F.2d 994, 994–95 (5th Cir. 1993) (affirming dismissal of duplicative complaint under pre-PLRA version of 28 U.S.C. §

ORDER OF DISMISSAL WITH PREJUDICE - 2

1915(e)); *Murillo v. Taylor,* 2015 WL 4488060, at *15–16 (S.D. Cal. July 22, 2015); *Meadows v. Woods*, 156 F.R.D. 165, 166 (W.D. Tenn 1994) (dismissing complaint as frivolous under pre-PLRA version of 28 U.S.C. § 1915(e)); *Adams v. California Department of Health Services*, 487 F.3d 684, 688 (9th Cir. 2007) ("Plaintiffs generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court against the same defendant.").

The Ninth Circuit expressly recognizes that a duplicative suit is either frivolous or malicious. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) ("[A] litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits[.]") (internal quotations omitted); *LeBlanc v. Asuncion*, 699 F. App'x 762 (9th Cir. 2017) (holding that dismissal of duplicative complaint was properly deemed a strike) (citation omitted).

The second complaint now before the Court thus raises the same allegations that were raised in the 2024 complaint and which Judge King dismissed on April 29, 2025. The Court notes the second complaint also challenges Judge King's dismissal of the 2024 complaint filed in case number 2:24-cv-01946-LK. An order dismissing a complaint falls within a judge's judicial capacity, and judges are entitled to absolute judicial immunity for acts performed within their judicial capacity. *Mireles v. Waco*, 502 U.S. 9, 9–12 (1991); *see Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *accord Schucker v. Rockwood*, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam) ("Judges are absolutely immune from damages actions for judicial acts

taken within the jurisdiction of their courts.") (citation omitted). Judicial immunity applies even when a judge acts in excess of his or her authority. *Stump*, 435 U.S. at 356. This strong immunity protects judicial independence by insulating judges from vexatious actions prosecuted by disgruntled litigants. *Forrester v. White*, 484 U.S. 219, 225 (1988). This immunity is immunity from suit, not a mere defense to liability, so a defendant with absolute immunity is entitled to dismissal before the commencement of discovery. *Mitchell v. Forsyth*, 472 U.S. 511, 526–27 (1985). Accordingly, no action lies against Judge King for issuing an order dismissing the complaint Plaintiffs filed in 2024.

For the foregoing reasons, the Court ORDERS:

1. This action is DISMISSED with prejudice as duplicate. Further, Plaintiffs seek money damages and Judge King is immune from Plaintiffs' allegations.

2. Plaintiffs' applications to proceed *in forma pauperis*, Dkt. Nos. 1, 5, and emergency motion for a protective order, Dkt. No. 2, are STRICKEN as moot.

DATED this 6th day of May, 2025.

Jamal N. Whitehead
United States District Judge