UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| LONI NICOLE GRANGER et al., <br><br> Plaintiffs, <br> v. <br><br> LAUREN KING et al., <br><br> Defendants. | CASE NO. 2:25-cv-00811-JNW <br><br> ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 9) |

This matter comes before the Court on Judge Jamal Whitehead's denial (Dkt. No. 12) of Plaintiffs' motion for recusal. (Dkt. No. 9.) Local Civil Rule 3(f) provides that whenever a judge in this District declines to voluntarily recuse themself from a case following a party's motion to recuse pursuant to 28 U.S.C. § 144 or 28 U.S.C. § 455, "he or she will direct the clerk to refer the motion to the chief judge." Accordingly, this Court now reviews Judge Whitehead's decision not to recuse.

Motions for recusal are governed by 28 U.S.C. § 144 and 28 U.S.C. § 455. Recusal is required if a judge's impartiality might reasonably be questioned or if the judge harbors personal

ORDER AFFIRMING DENIAL OF RECUSAL (DKT. NO. 9) - 1

1  bias or prejudice against a party. 28 U.S.C. § 455(a), (b)(1). Such bias or prejudice must derive
2  from an extrajudicial source. *Agha-Khan v. Mortgage Elec. Registration Sys., Inc.*, 2022 WL
3  501564, at *1 (9th Cir. Feb. 18, 2022); *Mayes v. Leipziger*, 729 F.2d 605, 607 (9th Cir.
4  1984). Under both 28 U.S.C. § 144 and 28 U.S.C. § 455, recusal of a federal judge is
5  appropriate if "a reasonable person with knowledge of all the facts would conclude that the
6  judge's impartiality might reasonably be questioned." *Yagman v. Republic Ins.*, 987 F.2d 622,
7  626 (9th Cir. 1993). This is an objective inquiry concerned with whether there is the appearance
8  of bias, not whether there is bias in fact. *Preston v. United States*, 923 F.2d 731, 734 (9th Cir.
9  1992).

Plaintiffs seek to have Judge Whitehead recuse himself from ruling on a motion for sanctions filed by Plaintiffs on May 15, 2025. (Dkt. No. 9.) Plaintiffs argue Judge Whitehead should recuse himself from ruling on the motion because the motion "directly names and implicates" him for "judicial misconduct, retaliation, and obstruction of due process in prior proceedings related to this case." (*Id.* at 2.) Plaintiffs contend that allowing Judge Whitehead to rule on a motion concerning his own alleged misconduct would undermine the credibility of this Court "and may constitute a violation of the plaintiffs' constitutional right to a fair and impartial tribunal." (*Id.*)

Judge Whitehead has already ruled on Plaintiffs' motion for sanctions. (Dkt. No. 12.) In his order, Judge Whitehead noted that he dismissed Plaintiffs' complaint with prejudice and entered judgment against Plaintiffs, finding their case duplicative of Plaintiffs' previously dismissed complaint and barred by the doctrine of judicial immunity. (*Id.* at 1.) Judge Whitehead found the Court lacked jurisdiction to consider Plaintiffs' motion for sanctions, which

relates to the order of dismissal, because Plaintiffs have filed a Notice of Appeal with the Ninth Circuit, which divests the Court of jurisdiction over Plaintiffs' claims. (*Id.* at 2.)

To the extent Plaintiffs seek to prevent Judge Whitehead from ruling on Plaintiffs' motion for sanctions, the motion for recusal is now moot. However, Judge Whitehead is correct that Plaintiffs' appeal divests the Court of jurisdiction over Plaintiffs' motion for sanctions. Further, Plaintiffs' motion for sanctions argues Judge Whitehead erred in dismissing Plaintiffs' claims and engaged in misconduct because his dismissal order "included discriminatory language"[1] to the effect that litigants proceeding in forma pauperis lack incentive to refrain from filing frivolous lawsuits. (Dkt. No. 8 at 2–3.) To the extent Plaintiffs' motion for recusal is predicated on disagreement with Judge Whitehead's orders or language contained in those orders, this does not constitute a basis for recusal. *See United States v. Studley*, 783 F.2d 934, 939 (9th Cir. 1986) ("[A] judge's prior adverse ruling is not sufficient cause for recusal."); *accord Liteky v. United States*, 510 U.S. 540, 555 (1994) ("[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion.").

The Court finds no evidence that would lead a reasonable person to question Judge Whitehead's impartiality. Accordingly, the Court AFFIRMS Judge Whitehead's denial (Dkt. No. 12) of Plaintiffs' motion for recusal. (Dkt. No. 9.)

---

[1] The language in question appears to be Judge Whitehead's citation to Ninth Circuit case law. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995) ("[A] litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits[.]") (internal quotations omitted).

1  Dated this 1st day of July, 2025.

David G. Estudillo
United States District Judge